UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JONATHON SHARKEY,<br>    *Plaintiff*,<br><br>    *vs.*<br><br>MEGAN COCHRAN & MATTHEW PAUL WILLIAMS,<br>    *Defendants*. | )<br>)<br>)<br>)    1:09-cv-517-JMS-DKL<br>)<br>)<br>)<br>) |

## ORDER DENYING MOTION TO RECONSIDER

Presently pending before the Court is Plaintiff Jonathon Sharkey's Motion to Reconsider the Court's order regarding the legal sufficiency of his claims. [Dkt. 64.] Mr. Sharkey limits his reconsideration request to the portions of the Court's order dismissing his claims for defamation against Defendants Megan Cochran and Ross Lucchetti. For the following reasons, the Court **DENIES** Mr. Sharkey's motion.

### RELEVANT BACKGROUND

A brief review of the procedural posture of this case is necessary to address Mr. Sharkey's motion. The Court entered default against the defendants on April 19, 2010. [Dkt. 44.] After a telephonic conference in December 2011, the Court ordered the parties to file briefs detailing their positions regarding the legal sufficiency of Mr. Sharkey's claims. Mr. Sharkey filed a brief but did not attach any exhibits or specifically reference the docket numbers of any exhibits he previously filed in this action. [Dkt. 57.]

In March 2012, the Court issued an order regarding the legally sufficiency of Mr. Sharkey's claims. [Dkt. 60.] The Court reminded the parties that an entry of default precludes a defendant from challenging the <u>well-pleaded</u> facts alleged in a complaint but that a defaulted defendant is <u>not</u> deemed to have admitted a plaintiff's conclusions of law or damages allegations

- 1 -

and, instead, retains the right to test the sufficiency of the allegations to see whether they state a claim for which relief can be granted. [Dkt. 60 at 2 (citing *Black v. Lane*, 22 F.3d 1935, 1407 (7th Cir. 1994); Fed. R. Civ. Pro. 8(b)(6)).]

The Court parsed through Mr. Sharkey's Complaint, the materials attached to the Complaint, and the parties' briefs to analyze the legal sufficiency of Mr. Sharkey's nineteen separately-numbered claims. [Dkt. 60.] The Court ultimately concluded that Mr. Sharkey had stated legally-cognizable claims for conversion and negligence as to the destruction of personal property against Ms. Cochran and claims for defamation *per quod* and identity deception against Mr. Williams. [Dkt. 60 at 22.] The Court dismissed all claims against Mr. and Mrs. Lucchetti with prejudice. [*Id.*] The Court set a damages hearing on the remaining claims for July 18, 2012. [*Id.*]

## STANDARD OF REVIEW

A motion to reconsider is appropriate only where the Court has misunderstood a party, where the Court has made a decision outside the adversarial issues presented to the Court by the parties, where the Court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered. *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). A party seeking reconsideration cannot introduce new evidence that could have been discovered before the original motion or rehash previously rejected arguments. *Caisse Nationale de Credit Agricole v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996).

## DISCUSSION

Mr. Sharkey challenges the Court's ruling that he did not state legally-cognizable claims for defamation against Ms. Cochran or Mr. Lucchetti because he did not sufficiently identify the

content of the allegedly defamatory statements with respect to those defendants. [Dkt. 60 at 5, 20.]

As an initial matter, the Court notes that it ordered Mr. Sharkey to file a motion to reconsider by April 30, 2012, if he intended to file one. [Dkt. 62.] Instead, Mr. Sharkey filed the instant motion on May 3, 2012—three days late. [Dkt. 64.] Although he may have mailed it on April 30, 2012, "the Federal Rules of Civil Procedure do not authorize filing to be accomplished by deposit of papers in the mail." *Raymond v. Ameritech Corp.*, 442 F.3d 600, 605 (7th Cir. Ill. 2006). Therefore, Mr. Sharkey's motion may be denied on that basis alone.

Even if the Court considers the substance of Mr. Sharkey's untimely motion, in support of his motion he only references exhibits he attached to an impermissible filing that the Court ordered stricken. [Dkt. 62 (striking dkt. 61).] By relying exclusively on a filing that the Court ordered stricken, Mr. Sharkey has presented no cogent argument. Therefore, Mr. Sharkey's argument on reconsideration is waived. *See Blise v. Antaramian*, 409 F.3d 861, 866 (7th Cir. 2005) (holding that failure to cogently develop argument results in waiver).

And even if the Court considers the substance of the stricken filing by incorporation, Mr. Sharkey's motion still fails. The stricken filing asserts that the Court erred because it failed to consider evidence of the allegedly defamatory statements that Mr. Sharkey previously submitted in filings unrelated to the sufficiency determination. [Dkt. 61 at 1.] Mr. Sharkey does not identify the docket numbers of those submissions and does not allege that they were included by specific reference in the only materials that the Court could consider when ruling on sufficiency: his Complaint and the parties' briefs. Instead, Mr. Sharkey asserts "if the Court ordered their clerks to research the file they would see the evidence." [Dkt. 61 at 1.]

The Court will not search the record to attempt to make an argument for a pro se party. *See Stein v. Ashcroft*, 284 F.3d 721, 725 (7th Cir. 2002) (holding that the Court will not search the record to attempt to make an argument for a pro se party). Mr. Sharkey did not include or specifically reference the allegedly previously filed exhibits with his Complaint or sufficiency brief. Therefore, it was proper for the Court both not to consider them and not to search the record for them. Accordingly, the Court **DENIES** Mr. Sharkey's motion to reconsider. [Dkt. 64.]

05/07/2012

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via Mail:**

JONATHON SHARKEY
c/o The Impaler for President
5470 East Busch Blvd. #192
Temple Terrace, FL 33617

MATTHEW PAUL WILLIAMS
2015 Brandywine Lane
Martinsville, IN 46151

**Distribution via ECF only:**

Kimberly S. Lytle
LAW OFFICE OF KIMBERLY LYTLE
lytle.kimberly@yahoo.com